IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUS KRAMER,<br><br>        Plaintiff,<br><br>   v.<br><br>COUNTY OF CONTRA COSTA ET AL.,<br><br>        Defendants._____/ | No. C 12-3604 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Now pending is a motion to dismiss Contra Costa County Assessor Gus Kramer's § 1983 action complaining that other county executives received salary raises while he did not, and that there was no rational basis for the varied treatment. Defendant Contra Costa County moves to dismiss on two grounds: (1) statute of limitations and (2) failure to state a claim under Engquist v. Oregon Department of Agriculture, 553 U.S. 590 (2008). The Supreme Court's ruling in Engquist precludes Kramer's claim, and the Court GRANTS the motion to dismiss with prejudice on those grounds.

**I.     BACKGROUND**

Kramer, the county assessor for Contra Costa County since 1995, brings this § 1983 action complaining that the Board of Supervisors ("Board") arbitrarily increased the salaries of some Contra Costa County executives and elected officials but not Kramer's salary. Compl. (dkt. 1) ¶¶ 7, 25.

According to the allegations in Kramer's Complaint, in 2005 Contra Costa County adopted a policy designed to make the salaries of its executives and elected officials similar to those of executives and elected officials elsewhere in the Bay Area. Id. ¶ 13. In December 2006, the Board passed legislation increasing the Board's salaries as well as the salaries of those in some, but not all, executive positions. Id. ¶ 14. In 2008, the Board enacted legislation increasing the salaries in other executive positions–but still not Kramer's salary. Id. ¶ 16.

According to Kramer, in 2008, 2009, and 2010, three of the five County Supervisors promised him that they would raise his salary. Id. ¶ 17. But the Board never raised Kramer's salary. Id. ¶¶ 18-20.

On July 10, 2012, Kramer filed this § 1983 suit seeking damages for the Board's failure to provide him with a salary increase commensurate with those of other executives. Id. ¶ 25. The County now moves to dismiss, arguing that the suit is barred by the statute of limitations and the Supreme Court's holding in Engquist. Mot. (dkt. 13).

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in a complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Detailed factual allegations" are not required, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)).

According to the Supreme Court, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. In determining facial plausibility, whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

1 Allegations of material fact are taken as true and construed in the light most favorable to the
2 nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

3     A complaint should not be dismissed without leave to amend unless it is clear that the
4 claims could not be saved by amendment. Swartz v. KPMG LLP, 476 F.3d 756, 760 (9th
5 Cir. 2007).

## III. DISCUSSION

7     Defendant argues that Plaintiff's suit is barred because the Supreme Court rejected
8 "class-of-one" Equal Protection claims brought by public employees in Engquist v. Oregon
9 Department of Agriculture. 553 U.S. 591, 594 (2008). Engquist, an employee in the Oregon
10 Department of Agriculture, had her position eliminated and was effectively laid off. Id. at
11 594-95. Engquist brought suit alleging an equal protection violation–that she was fired for
12 "arbitrary, vindictive, and malicious" reasons. Id. at 595. The Court rejected her "class-of-
13 one" claim, noting that "the government as employer indeed has far broader powers than
14 does the government as sovereign." Id. at 598 (quoting Waters v. Churchill, 511 U.S. 661,
15 671 (1994)).

16     The Court held that

> the class-of-one theory of equal protection—which presupposes that like individuals should be treated alike, and that to treat them differently is to classify them in a way that must survive at least rationality review—is simply a poor fit in the public employment context. To treat employees differently is not to classify them in a way that raises equal protection concerns. Rather, it is simply to exercise the broad discretion that typically characterizes the employer-employee relationship.

21 Id. at 605. The Court concluded that "the class-of-one theory of equal protection has no
22 application in the public employment context." Id. at 607.

23     Plaintiff argues that, as an elected official, he is not a public employee within the
24 meaning of Engquist. Opp'n at 7-10. He says that the Board is not acting as an employer for
25 elected officials because it does not "hire, discipline, or discharge" them. Id. at 7-8. In
26 Plaintiff's view, there is no "subjective, individualized assessment" of an elected official's
27 performance, but an objective pay policy, the application of which through legislative act
28 resulted in pay increases for some department heads and not others. Id. at 9. Plaintiff also

argues that an interest balancing test favors his position, and that permitting this kind of suit would not displace the government's managerial discretion. Id. at 10.

Engquist was less concerned with whether the government functioned as traditional employer of the § 1983 plaintiff in all respects than with whether the particular decision at issue was an "individualized, subjective personnel decision." 553 U.S. at 605; see also id. at 608 ("An allegation of arbitrary differential treatment could be made in nearly every instance of an assertedly wrongful employment action—not only hiring and firing decisions, but any personnel action, such as promotion, salary, or work assignments—on the theory that other employees were not treated wrongfully."); cf. Connick v. Myers, 461 U.S. 138, 143 (1983) (referring to the "common sense realization that government offices could not function if every employment decision became a constitutional matter").

Here, Plaintiff's suit would displace the Board's managerial discretion in exercising a traditional employer function of setting salary levels. Plaintiff says that his appropriate raise could be ministerially calculated under an objective "pay parity" policy, but his own allegations make clear that the pay raises were not actually implemented in that way for other executive officials. See Compl. ¶¶ 14-16. Cf. City and County of S.F. v. Cooper, 13 Cal. 3d 898 (1975) (noting that a "legislative body retains a considerable degree of discretion in establishing compensation pursuant to . . . a 'prevailing wage' mandate").

Accordingly, at least one district court has already applied Engquist to an elected official. In Blank v. Benzie County Board of Commissioners, an elected sheriff brought a class-of-one claim against the Board of Commissioners. 2012 U.S. Dist. LEXIS 45061 at *2, *5-6 (W.D. Mich. Mar. 30, 2012). There, the court found that the sheriff was a public employee and that the government was acting as an employer in determining the sheriff's benefits. Id. at *11-12. Plaintiff has not cited to this Court any decisions that have concluded otherwise regarding salary and benefits decisions for elected officials.

The Court accordingly concludes that the Board was acting as a government employer in determining Plaintiff's salary and that his suit is barred by Engquist.

//

## IV. CONCLUSION

Because Plaintiff's suit is barred by <u>Engquist</u>, the Court need not and does not reach Defendant's alternative argument that Plaintiff's claim is untimely. Defendant's motion to dismiss is GRANTED with prejudice.

**IT IS SO ORDERED.**

Dated: December 17, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE